**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARREN W. WHEARRY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO.  05-2426** |
| **GALE A. NORTON,** | : | |
| **SECRETARY, UNITED STATES** | : | |
| **DEPARTMENT OF THE INTERIOR,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                   **June ___, 2008**

Presently before this Court is Defendant, the Secretary of the United States Department of

the Interior's Motion for Partial Summary Judgment (Doc. 20).  For the reasons set forth below,

upon consideration of Defendant's Motion, Plaintiff's Response (Doc. 21), and Defendants'

Reply (Doc. 22), this Court will grant Defendant's Motion for Partial Summary Judgment.

**BACKGROUND**

From the evidence of record, taken in a light most favorable to the Plaintiff, the pertinent

facts are as follows.[1]  On May 23, 2005, Plaintiff, Darren W. Whearry, filed an initial complaint

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e-17, against the

Secretary of the United States Department of the Interior.  Plaintiff was, at the time, an employee

of the Department of the Interior, National Park Service, Independence National Historic Park

(INHP) in Philadelphia, Pennsylvania.  Plaintiff alleged that he was the victim of racial

discrimination, subjected to a hostile work environment, and retaliated against for having

---

[1] As Defendant moves for summary judgment only as to Plaintiff's unlawful termination claim, the Court
will restrict its discussion of the facts accordingly.

previously filed a Title VII class action suit, in which Plaintiff alleged that INHP unlawfully discriminated against African-American male employees.  Prior to filing suit, Plaintiff filed administrative charges with the Department of the Interior,[2] which conducted an investigation before issuing its Final Agency Decision, rejecting Plaintiff's racial discrimination, hostile work environment, and retaliation claims on February 17, 2005.

After Plaintiff filed suit, Plaintiff and another INHP employee were involved in a physical confrontation, which resulted in Plaintiff's termination on November 26, 2005.   In connection with his termination, Plaintiff filed a new administrative charge with the Department of the Interior on December 30, 2005.  On September 11, 2006, the Department issued a Final Agency Decision, rejecting Plaintiff's claim of unlawful termination and a right-to-sue notice advising Plaintiff that he could file suit within 90 days of receipt of the Department's decision.  Plaintiff received the Department's decision and right-to-sue notice on September 19, 2006.

In or about the latter part of December 2006, Plaintiff's counsel, Danny Elmore, Esquire, requested a copy of the Final Agency Decision from a Department employee.  The employee provided a copy of the Department's decision to Mr. Elmore and informed Mr. Elmore that Plaintiff's time to file a complaint would start to run anew.  On March 26, 2007, Plaintiff moved for leave to file an Amended Complaint, which incorporated allegations of discriminatory and retaliatory termination in violation of Title VII.  Defendant now moves for summary judgment as to Plaintiff's unlawful termination claim, arguing that such claim is time-barred.

## LEGAL STANDARD

Summary judgment is appropriate where the moving party establishes that "there is no

---

[2] Pursuant to Title VII and federal regulation, Plaintiff properly filed his administrative claims with the Department, rather than the Equal Opportunity Commission.  42 U.S.C. § 2000e-16; 29 C.F.R. pt. 1614.

genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law."
FED. R. CIV. P. 56(c).  See Abramson v. William Patterson Coll. of N.J., 260 F.3d 265, 276 (3d
Cir. 2001).  A factual dispute between the parties will not defeat a motion for summary judgment
unless it is both genuine and material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48
(1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  A factual
dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is
material if, under the substantive law, it would affect the outcome of the suit.  See Anderson, 477
U.S. at 248.  The moving party "cannot simply reallege factually unsupported allegations
contained in his pleadings."  Clark v. Clabaugh, 20 F.3d 1290, 1294 (3d Cir. 1994).  The moving
party must show that if the evidentiary material of record were reduced to admissible evidence in
court, it would be insufficient to permit the non-moving party to carry its burden of proof.  See
Celotex v. Catrett, 477 U.S. 317, 318 (1986); Blackburn v. United Parcel Serv., Inc., 179 F.3d 81
(3d Cir. 1999).

Once the moving party has carried its burden under Rule 56, "its opponent must do more
than simply show that there is some metaphysical doubt as to the material facts in question."
Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party
must set forth specific facts showing a genuine issue for trial and may not rest upon the mere
allegations or denials of its pleadings. See Sound Ship Bldg. Co. v. Bethlehem Steel Co., 533
F.2d 96, 99 (3d Cir. 1976), cert. denied, 429 U.S. 860 (1976).  At the summary judgment stage
the court's function is not to weigh the evidence and determine the truth of the matter, but rather
to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249. In doing
so, the court must construe the facts and inferences in the light most favorable to the non-moving

3

party.  See Wahl v. Rexnord Inc., 624 F.2d 1169, 1181 (3d Cir. 1980); Boyle v. Allegheny Pa.,

139 F.3d 386, 393 (3d Cir. 1998).  The court must award summary judgment on all claims unless

the non-moving party shows through affidavits or admissible evidence that an issue of material

fact remains.  See, e.g., Koch Materials Co. v. Shore Slurry Seal, Inc., 205 F. Supp. 2d 324, 330

(D.N.J. 2002).

## DISCUSSION

Defendant maintains that partial summary judgment is appropriate because Plaintiff did

not file his unlawful termination claim within the 90 day time period allotted by Title VII.  See

42 U.S.C. § 2000e-16(c) (providing that a civil action must be filed within 90 days of receipt of a

final agency decision).  Plaintiff concedes that his unlawful termination claim was not filed

within the statutory deadline, but argues that he was not required to file a new administrative

charge for his subsequent termination because his unlawful termination claim was reasonably

related to his earlier filing, claiming racial discrimination, hostile work environment, and

retaliation, or, in the alternative, the statutory deadline should be equitably tolled.  The Court will

grant Defendant's motion and dismiss Plaintiff's unlawful termination claim as time-barred.

### A.    Reasonably Related Claims

A Title VII plaintiff may not file suit in federal court without first exhausting his claims

at the administrative level.  42 U.S.C. § 2000e-16(c).  The exhaustion requirement affords the

agency the opportunity to settle disputes through conference, conciliation, and persuasion and

thereby curtail the need for formal litigation.  Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996);

Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976); see also Hicks v. ABT

Assocs., Inc., 572 F.2d 960, 966 (3d Cir. 1978) (stating that informal settlement through an

administrative proceeding is the "preferred method of conflict resolution").  Similarly, the agency

is the entity with the first opportunity to investigate a complainant's claim of discrimination.

Ostapowicz, 541 F.2d at 398.  A complainant must therefore file an administrative charge with

the appropriate agency prior to filing suit.  42 U.S.C. § 2000e-16; 29 C.F.R. pt. 1614.

Where acts of discrimination or retaliation occur subsequent to the filing of an

administrative charge, the complainant is not required to file a new administrative charge

provided that (1) the subsequent acts occur while an investigation is still pending and (2) the

subsequent acts are reasonably related to the acts underlying the earlier filing.  See, e.g., Waiters

v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984); see also Ostapowicz, 541 F.2d at 398-99 (stating

that a plaintiff may file suit based on an agency "investigation which can reasonably be expected

to grow out of the charge of discrimination, including new acts which occurred during the

pending of proceedings before [the agency]") (emphasis added).  Where no administrative

investigation is pending at the time of the subsequent acts, the complainant must file a new

administrative charge prior to filing suit.  See, e.g., Crumpton v. Potter, 305 F. Supp. 2d 465, 476

(E.D. Pa. 2004) (granting summary judgment on denial of overtime claim for failure to exhaust

because the denial occurred after a final agency decision was issued on an earlier filing).

Here, Plaintiff claims that he was not required to file a new administrative charge because

his subsequent claim of unlawful termination was reasonably related to his earlier filing,

claiming discrimination, hostile work environment, and retaliation.  Even assuming that the

claims were reasonably related, Plaintiff was still required to file a new administrative claim

relating to his claim of unlawful termination.  The Department issued a final agency decision

relevant to Plaintiff's earlier filing on February 17, 2005, thus closing its investigation.

Plaintiff's termination occurred nine months later, on November 26, 2005.  Because no administrative proceeding was pending at the time of Plaintiff's termination, he was required to file a new administrative charge with respect to his unlawful termination claim.

**B.      Equitable Tolling**

Plaintiff urges the Court to equitably toll Title VII's 90-day statutory deadline for commencing a civil action.  See 42 U.S.C. § 2000e-16(c).  Title VII's statutory deadlines function as statues of limitations, which in limited circumstances may be equitably tolled. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  Those circumstances include instances in which (1) a defendant-employer actively misled a plaintiff regarding his cause of action; (2) a plaintiff, "in some extraordinary way," has been prevented from asserting his rights; and (3) a plaintiff took timely action but in the wrong forum.  Id.  Here, neither instance (1) nor (3) applies.  Thus, for equitable tolling to apply, Plaintiff must show that he was prevented from filing a timely action "in some extraordinary way."  Plaintiff claims that (1) the Department's right-to-sue notice granted him 120 days to file suit, and (2) in late December 2006, a Department employee issued Plaintiff's counsel a copy of the Department's decision and informed counsel that the filing period would be reinstated from that date.

As an initial matter, the Court notes that the Department's right-to-sue notice may have lacked clarity because the notice listed both a 120-day and 90-day time limit for filing suit,[3] thus, making plausible Plaintiff's belief that he had 120 days to file suit.  Nonetheless, such belief is of no avail to Plaintiff as he filed his Amended Complaint more than 180 days after receiving the

---

[3] The 120 day time-limit listed in the notice refers to the deadline for filing suit following an appeal of the agency's final decision to the Merit Systems Protection Board, while the 90-day time limit for filing suit applies where a plaintiff elects to forego an appeal to the Board.  5 U.S.C. § 7702(e)(1), 42 U.S.C. § 2000e-16(c).

Department's decision.  See Defendant's Motion at Exhibit A (return receipt signed by Plaintiff).

Next, Plaintiff may not rely on an oral statement by an unidentified Department employee to toll the 90-day statutory deadline.  See Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997) (holding that "one phone conversation with an EEO counselor does not rise to the level of being prevented in an 'extraordinary way' by the EEOC" from timely filing of an administrative claim).  Equitable tolling is to be used sparingly, and only in situations in which the plaintiff, despite obstacle, has exercised due diligence to preserve his claim.  Id. (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).  One alleged telephone call—without written confirmation or a second call—is not sufficient diligence to justify equitable tolling.  Id. (citing Irwin, 498 U.S. at 96).  Further, should courts permit equitable tolling when a plaintiff merely asserts that he was given erroneous telephone advice from an agency employee, "equitable tolling would be converted from a remedy available only sparingly and in extraordinary situations into one that can be readily invoked by those who have missed carefully drawn deadlines."  Id.

In sum, no extraordinary circumstance prevented Plaintiff's timely filing of his unlawful termination claim. Thus, Plaintiff was required to file his unlawful termination claim within the 90-day statutory deadline proscribed in Title VII.  Because Plaintiff delayed more than 180 days in doing so, his unlawful termination claim is dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, this Court will grant Defendant's Motion for Partial Summary Judgment.   An appropriate order follows.